RALPH MOLINARI, Appellant, v. BEATRICE WILEY et al., Respondents.— In an action to recover damages for injuries from the bites of a dog, judgment entered in favor of defendants, after trial by the court, without a jury, and order denying plaintiff's motion to set aside the judgment, for a new trial, to make additions to the stenographer's minutes, etc., unanimously affirmed, with costs. No opinion. Present — Lewis, P. J., Carswell, Johnston, Adel and Sneed, JJ.

CHARLES MOORE et al., Respondents, v. MARION T. AUSTIN, Individually and as Executrix of VICTORIA HUNT, Deceased, et al., Appellants.— Action by the vendees for specific performance of a contract for the sale and purchase of real property. Judgment in favor of plaintiffs, entered after trial by the court, without a jury, reversed on the law and the facts, with costs, and judgment directed for defendants, with costs. The contract calls for conveyance of title subject to the rights of a tenant. The purchasers took the position that the title was defective and unmarketable because the sellers were taking no steps to evict the occupant of the premises. There is abundant proof in the record that the sellers were willing to perform at the time set in the contract and within a reasonable time thereafter; that the delays were occasioned by the misconstruction of the contract by the purchasers, and that they failed to perform and did not offer to perform within a reasonable period, and that conditions had materially changed since the time for closing set in the contract. Upon such proof equity requires that the relief demanded be denied. Inconsistent findings are reversed. Lewis, P. J., Carswell, Adel, Sneed and Wenzel, JJ., concur.

B. FRANKLIN MOSS et al., Copartners Trading under the Name of HENRY MOSS & CO., Respondents, v. CONGOLEUM-NAIRN, INC., Appellant.— Order denying defendant-appellant's motion to compel plaintiffs to enter partial summary judgment and for cancellation of that judgment upon entry, unanimously affirmed, with $10 costs and disbursements. Judgment in favor of plaintiffs and against defendant for the balance unpaid upon the amount awarded plaintiffs as partial summary judgment unanimously affirmed, with $10 costs and disbursements. The defendant made tender to plaintiffs and upon refusal deposited the amount thereof in court, pursuant to sections 171-173 of the Civil Practice Act. Plaintiffs were awarded partial summary judgment for that same amount by an order, consented to by defendant, which directed the city treasurer to pay plaintiffs the amount so on deposit with him. Had defendant paid to plaintiff the amount of the award in summary judgment, defendant would then have had to apply for an order directing the city treasurer to repay to it the money so deposited. (*Fleder* v. *Itkin*, 294 N. Y. 77. See Fourteenth Annual Report of N. Y. Judicial Council, 1948, pp. 211-220.) Present — Carswell, Acting P. J., Johnston, Adel, Sneed and Wenzel, JJ. [See 274 App. Div. 816.]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ETTA GREENFIELD, Appellant.— Judgment of a City Magistrate, holding a Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting defendant of the crime of violating section 973 of the Penal Law (keeping a gaming and betting establishment) and imposing a fine, unanimously affirmed. No opinion. Present.— Lewis, P. J., Johnston, Adel, Nolan and Wenzel, JJ.